# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2012

No. 11-10930
Summary Calendar

Lyle W. Cayce
Clerk

ALEXIS M. PICARD

Plaintiff - Appellant

v.

CITY OF DALLAS

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-634

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alexis Picard appeals the district court's grant of summary judgment in favor of the City of Dallas on her Title VII retaliation claim. Because the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10930

court properly found that Picard failed to overcome Dallas' legitimate nondiscriminatory justification for her termination, we AFFIRM.

Picard was hired for a six month probationary period by the Dallas Department of Water Utilities as a chemist in December 2008 and assigned to the Southside water treatment plant ("Southside"). Her supervisor at Southside was Kiran Makanji, who oversaw multiple chemists and generally managed Southside's quality control procedures. Following the probationary period, the Dallas civil service board rejected a request by a senior supervisor, Morgan Dadgostar, to extend the probationary period and terminated Picard on June 10, 2009.

While working at Southside, Makanji made Picard uncomfortable on multiple occasions from January until May. Allegedly Makanji asked her to stay late so they could be alone together, touched her shoulder, and even told her he loved her on separate occasions. In February 2009 and again in April 2009, Picard reported to Bill Gase, Makanji's supervisor, that Makanji had been "acting weird" and requested a transfer, but the transfers were rejected. In May 2009, Picard contacted Dodgostar, Gase's supervisor, who initiated an investigation of Makanji and ultimately decided to transfer Picard to the Central wastewater treatment plant ("Central") on May 27th.

Throughout her probationary period, Picard admits she was making mistakes in her work both before and after the transfer, but alleges Makanji's performance reviews exaggerated the mistakes. She also claims her work was improving when she was transferred to Central. The civil service board cited the mistakes and poor quality of work in rejecting Dodgostar's request to extend Picard's probationary employment.

Following her termination, Picard filed a lawsuit against Dallas for sexual harassment and retaliation. The district court granted summary judgment to Dallas. Picard appeals only on grounds of retaliation.

No. 11-10930

"We review the district court's grant of summary judgment *de novo*." *Fahim v. Marriot Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* In determining whether a genuine issue as to any material fact exists, we view the evidence in the light most favorable to the nonmoving party. *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007).

The *McDonnell Douglas* burden shifting framework is used to evaluate circumstantial evidence of retaliation. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Under *McDonnell Douglas*, the plaintiff must first present a prima facie case of retaliation. *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008). Once this occurs, the burden shifts to the employer to advance a legitimate, non-discriminatory reason for the adverse employment action. *Id.* To overcome an employer's legitimate, nondiscriminatory reason, the plaintiff must show it is a pretext for discrimination. *Id.*

Picard has presented a prima facie case of retaliation. Dallas advanced a legitimate, nondiscriminatory reason for terminating Picard: her performance deficiencies. Her claim hinges on the third step in the *McDonnell Douglas* framework. She alleges that the request to extend the probationary period indicates her performance deficiencies did not justify her termination and that her sexual harassment complaint was the true motivation.

The district court addressed this alleged "inconsistency" and noted that the request from Dadgostar to extend Picard's probationary employment undermines the allegation the termination was in retaliation for her reports of sexual harassment. We find the district court's logic persuasive. Had Dallas wanted to terminate Picard in retaliation for the sexual harassment allegation, Dadgostar would not have sought an extension in Picard's probation. Instead,

despite her performance deficiencies, Dadgostar requested an extension which the Dallas civil service board rejected.  Picard's continued mistakes after five months on the job were the basis for poor evaluations.  Her job performance was repeatedly and consistently cited as the basis for her termination.  Picard has not shown that her sexual harassment complaint was a pretext or motivated Dallas' ultimate decision to terminate her at the end of her six-month probationary employment.

Though Picard presented a prima facie case of retaliation, she has not presented sufficient evidence to create a genuine issue of material fact that the legitimate, non-discriminatory reason the City has provided for her termination was a pretext for retaliation or that retaliation was a motivating factor. Therefore we AFFIRM the ruling of the district court.